JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FILED
JUN -3 1976
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE INTERSTATE MEDICAID PATIENTS )
AT GOOD SAMARITAN NURSING CENTER ) DOCKET NO. 238

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

---

PER CURIAM

This litigation consists of two actions in two different districts: one in the District of Minnesota and the other in the District of North Dakota. Plaintiff in each action is the Good Samaritan Nursing Center, a skilled nursing facility located in East Grand Forks, Minnesota. For several years, Good Samaritan has provided medical treatment and custodial care to a number of indigent elderly individuals from Minnesota and North Dakota.

Both Minnesota and North Dakota have established medical assistance plans, pursuant to Title XIX of the Social Security Act, which, *inter alia*, provide that all medical assistance payments must be made directly from the appropriate state or local social service agency to the medical assistance vendor. Good Samaritan claims that it has not received some or any medical assistance payments for its care of eight elderly individuals and has instituted these two actions against certain Minnesota and North Dakota welfare

and social service agencies, and one of its officers, in an attempt to secure such payment.

Under an informal agreement between counties in North Dakota and counties in Minnesota, the North Dakota counties allegedly agreed to pay medical assistance benefits for one year for the care of eligible individuals entering a Minnesota nursing facility, such as Good Samaritan, from North Dakota. The Minnesota counties allegedly agreed to take over the payment of such benefits following expiration of that year.

In August 1969, Polk County, Minnesota, apparently terminated assistance payments to Good Samaritan on behalf of those patients who resided in North Dakota prior to admittance. Some of the eight individuals affected by these two actions were allegedly North Dakota residents who entered Good Samaritan prior to 1969 and on whose behalf payments were thus terminated in August of that year, while the others were allegedly North Dakota residents who entered Good Samaritan after August 1969, and on whose behalf no payments were ever made.

Title XIX of the Social Security Act provides that a state medical assistance plan may not impose residency requirements which would exclude otherwise eligible individuals who are residents of the state. The genesis of these actions stems from the denial by both Minnesota and North Dakota that the eight individuals involved were

"residents," for purposes of Title XIX, of their respective states, each state contending that the individuals were "residents" of the other.

This matter is before the Panel on Good Samaritan's motion to transfer the Minnesota action to the District of North Dakota for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district. Vera Likins, Commissioner of the Minnesota Department of Public Welfare and a defendant in the Minnesota action, opposes the motion. We find that the requested transfer would not serve the convenience of parties and witnesses or promote the just and efficient conduct of the two actions and, accordingly, we deny the motion.[1/]

Movant Good Samaritan maintains that common questions of fact exist between these actions relating to the residency of the eight individuals on whose behalf it seeks medical assistance payments. Movant also contends that the possibility of conflicting rulings on the residency questions requires a Section 1407 transfer.

---

1/ All parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of these actions under Section 1407 was submitted for decision on the briefs.

In In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543 (J.P.M.L. 1969), the Panel refused to order Section 1407 proceedings where only two actions were involved, although some common questions of fact existed between them. The principle which emerged from our decision in Scotch Whiskey is that in order to demonstrate that the just and efficient conduct of the litigation would be promoted by transfer where only a minimal number of actions are involved, the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses. 299 F. Supp. at 544.

Although movant has failed to persuade us that the common questions of residency in these actions are ones of fact rather than, as respondent urges, ones of law, even assuming arguendo that these actions do raise common questions of fact, we do not believe that movant has met the burden of persuasion we enunciated in Scotch Whiskey. While some additional discovery may be necessary in these actions, it appears that most of the relevant factual data has been previously elicited in state administrative and judicial proceedings concerning requests by Good Samaritan for medical assistance payments on behalf of several of the eight individuals who are involved here. And, in any event,

the questions pertaining to residency do not seem to us to be so complex as to themselves warrant transfer.

IT IS THEREFORE ORDERED that the motion to transfer the action listed on the following Schedule A and pending in the District of Minnesota to the District of North Dakota for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

MDL-238 -- IN RE INTERSTATE MEDICAID PATIENTS AT GOOD SAMARITAN NURSING CENTER

DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Good Samaritan Nursing Center v. Grand Forks County Welfare Board, et al. | Civil Action No. A2-75-77 |

DISTRICT OF MINNESOTA

| | |
|---|---|
| Good Samaritan Nursing Center v. Polk County Welfare Board, et al. | Civil Action No. 4-75 440 |